WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frances Engleka, | No. CV-20-00925-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Boston Scientific Corporation, | |
| Defendant. | |

Defendant Boston Scientific Corporation moves for partial summary judgment on the following of Plaintiff Frances Engleka's claims: (1) punitive damages (Count IX), (2) breach of implied warranty (Count VI), (3) breach of express warranty (Count V), (4) negligence (Count I), (5) strict products liability-defective design (Count II), and (6) strict products liability-manufacturing defect (Count III). (Doc. 59.) During an October 13, 2021 telephonic conference, counsel informed the Court that a decision on the punitive damages question could facilitate settlement. Accordingly, to assist the parties in their settlement negotiations, this order will address only the punitive damages question. The Court will rule on the remaining portions of Boston Scientific's motion in due course.

This case concerns two medical devices manufactured and sold by Boston Scientific: (1) the Obtryx, a mid-urethral polypropylene mesh sling that is surgically implanted to treat stress urinary incontinence, and (2) the Uphold, a polypropylene mesh device that is surgically implanted to treat pelvic organ prolapse. Engleka was implanted

with both devices in 2009. At that time, the Obtryx and Uphold each were cleared for marketing by the Food and Drug Administration ("FDA"). Engleka subsequently experienced a host of complications and brought this lawsuit against Boston Scientific.

Boston Scientific argues that Engleka cannot recover punitive damages because the Obtryx and Uphold were cleared by the FDA at the time they were implanted. Boston Scientific is correct. Under Arizona law, "[a] manufacturer . . . is not liable for exemplary or punitive damages if," as relevant here, "[t]he product alleged to have caused the harm was designed, manufactured, packaged, labeled, sold or represented in relevant and material respects according to the terms of an approval, conditional approval, clearance, license or similar determination of a government agency." A.R.S. § 12-689(A)(1). It is undisputed that the Obtryx and Uphold were FDA cleared during the relevant time period.

In arguing against summary judgment, Engleka relies on an exception to this rule; this statutory limitation on punitive damages does not apply if "the manufacturer . . . at any time before the activity or event that allegedly caused the harm, . . . [i]ntentionally, and in violation of applicable regulations as determined by final action of the government agency, withheld from or misrepresented to the government agency information material to the approval or maintaining of approval of the product . . . and the information is relevant to the harm that the claimant allegedly suffered." *Id.* at (B)(2). "However, to meet this exception, there must not only be an intentional withholding or misrepresenting of information, but there must also be a determination 'by final action of the government agency,' in this case the FDA, that such conduct occurred." *Taylor v. Boston Scientific Corp.*, No. CV-19-05499-PHX-DJH, 2020 WL 4592923, at *5 (D. Ariz. Aug. 5, 2020). Engleka cites no final FDA action determining that Boston Scientific intentionally withheld or misrepresented material information. The only final FDA action Engleka cites is the FDA's April 16, 2019 order that manufacturers halt the sale and distribution of surgical mesh intended for transvaginal repair. (Doc. 80-1 at 93.) This agency action occurred ten years after Engleka received her surgical implants and, although the FDA

determined that it had "not received sufficient evidence to assure that the probable benefits of these devices outweigh their probable risks," (*id.*) the FDA did not determine that Boston Scientific had withheld or misrepresented material information. Engleka therefore cannot recover punitive damages in this case. *See Taylor*, 2020 WL 4592923, at *4-5; *Hix v. Boston Scientific Corp.*, No. CV-19-00422-PHX-DJH, 2019 WL 6003456, at *8 (D. Ariz. Nov. 14, 2019); *McMahill v. C.R. Bard, Inc.*, 2019 WL 4899720, at *4-5 (Ariz. Sup. Ct. July 23, 2019).

**IT IS ORDERED** that Boston Scientific's motion for partial summary judgment (Doc. 59) is **GRANTED** as to Engleka's claim for punitive damages (Count IX). The Court will rule on the remainder of Boston Scientific's motion in due course.

Dated this 14th day of October, 2021.

Douglas L. Rayes
United States District Judge